UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT ASHLAND

DONALD VANWINKLE,

    Plaintiff,

V.

SGT. SIZEMORE, et al.

    Defendants.

CIVIL ACTION NO. 5:24-CV-032-KKC

**OPINION AND ORDER**

\*\*\* \*\*\* \*\*\*

Donald Vanwinkle is a convicted prisoner confined at the Northpoint Training Center in Burgin, Kentucky. Proceeding without an attorney, Vanwinkle has filed a civil rights complaint against various officials at the Lee Adjustment Center in Beattyville, Kentucky, where he was previously confined. The Court must conduct a preliminary review of Vanwinkle's complaint pursuant to 28 U.S.C. §1915A, which direct the Court to dismiss any action that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Vanwinkle alleges that on April 11, 2023, another inmate came into his sleeping quarters and repeatedly struck him in the head with a lock. Vanwinkle asserts that he did not receive adequate medical attention for his injuries and was returned to the same dormitory where he had been attacked. He reports that he was attacked again one week later when Officer Roberts and Sgt. Sizemore "were in the stairwell waiting their relief instead of at their post." (DE 1, Complaint at 2) Vanwinkle alleges that he eventually located "the two corrections staff in the hallway" and was transported to an outside hospital where he was diagnosed with facial fractures and advised that surgery would be necessary. *Id.* at 3.

Vanwinkle reports that upon transport back to Lee Adjustment Center, he was placed in an observation room for two days and then moved to segregation, where he remained until he was transferred to Northpoint Training Center.  Vanwinkle alleges that he was denied the opportunity to fully exhaust his administrative remedies while he was in segregation.  *Id.*

Vanwinkle filed this action on February 5, 2024, in which he named Sgt. Sizemore, C.O. Roberts, R.N. Combs, Warden Daniel Akers, and Opt. Burkhart as defendants.  Construing Vanwinkle's complaint liberally, he asserts Eighth Amendment claims for deliberate indifference to his serious medical needs and failure to protect; violation of his right to equal protection under the Fourteenth Amendment; and negligence.  *Id.* 4, 7.  For relief, he wants the defendants to pay for his medical bills and filing fees, as well as "the maximum of 250,000 dollars per defendant for undue hardships as a result of [his] injuries."  [R. 1, p. 7]

The Court evaluates Vanwinkle's complaint under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  Notwithstanding that more generous construction, a complaint must provide the defendants with fair notice of the claims against them.  *See* Fed. R. Civ. P. 8(a)(2); *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514 (2002).  Moreover, liability under 42 U.S.C. § 1983 (the statute that provides the right to sue persons acting under color of law for civil rights violations) is based on each defendant's own conduct.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  While Vanwinkle has included R.N. Combs, Warden Daniel Akers, and Opt. Burkhart as defendants, he does not mention them in the narrative portion of his complaint or otherwise provide any indication of what they did or failed to do to violate his constitutional rights.  Accordingly, Vanwinkle's claims against each of these defendants will be dismissed.

Turning to the claims against Sizemore and Roberts, the Court notes that any claims may proceed against these defendants in their individual capacities only. A claim against a state employee in his official capacity is no different than a claim against the Commonwealth of Kentucky, which is not a "person" subject to suit under § 1983. *See Puckett v. Lexington-Fayette Urban Cnty. Gov't*, 833 F.3d 590, 598 (6th Cir. 2016); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) (observing that "a state is not a person within the meaning of § 1983"). Further, the Eleventh Amendment bars claims for damages against state employees or officers sued in their official capacities. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Brent v. Wayne Co. Dept. of Human Servs.*, 901 F.3d 656, 681 (6th Cir. 2018).

Vanwinkle asserts that the defendants violated his right to "equal protection under the law," but he has failed to allege any facts that would support such a claim. To make out an equal protection violation, the plaintiff must "adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Wampler v. Handwerk*, No. 23-3010, 2023 WL 4353402, at *3 (6th Cir. June 23, 2023) (quoting *Ctr. for Bio-Ethical Reform, Inc v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011)). Vanwinkle does not allege facts indicating that he was treated differently than any other prisoner, let alone which defendant(s) inflicted such disparate treatment. Accordingly, the plaintiff's due process claim will be dismissed.

Finally, the Eighth Amendment, which prohibits the infliction of "cruel and unusual punishment," encompasses the prohibition of deliberate indifference to the serious needs of prisoners. *Doe v. Bowles*, 254 F.3d 617, 620-21 (6th Cir. 2001); *Farmer v. Brennan*, 511 U.S.

825, 832 (1994). To the extent Vanwinkle bases his Eighth Amendment claims on the denial of adequate medical care, these claims fail because Vanwinkle has not explained who he believes violated his constitutional rights in this respect. However, deliberate indifference also can include prison guards' failure to protect one inmate from attack by another. *Bowles*, 254 F.3d at 620-21; *Burke v. Erwin*, No. 5:19-CV-P9-TBR, 2019 WL 3210081, at *4 (W.D. Ky. July 16, 2019). Likewise, Kentucky law imposes a duty on prison officials to prevent inmate-on-inmate attacks that can be reasonably anticipated. *See Taylor v. Little*, 58 F. App'x 66, 68 (6th Cir. 2003) (citing *Ratliff v. Stanly*, 7 S.W.2d 230, 232 (1928)). Accordingly, Vanwinkle's Eighth Amendment and negligence claims based on failure-to-protect may go forward against Defendants Sizemore and Roberts in their individual capacities.

For these reasons, the Court hereby ORDERS as follows:

1) The Court has reviewed the allegations in Vanwinkle's complaint (DE 1) and finds that a response is warranted from Defendants Sizemore and Roberts with respect to Vanwinkle's Eighth Amendment and negligence claims based on failure-to-protect.

2) The remaining claims for relief in Vanwinkle's complaint (DE 1) are DISMISSED WITHOUT PREJUDICE.

3) Since the claims against them are dismissed, R.N. Combs, Warden Daniel Akers, and Opt. Burkhart are DISMISSED as defendants to this action.

4) The Deputy Clerk shall prepare two (2) "Service Packets" for service upon Sgt. Sizemore and C.O. Roberts. Each Service Packet shall include:

    a. a completed summons form;

    b. the complaint (DE 1)

    c. this Order; and

d.  a completed USM Form 285.

5) The Deputy Clerk shall deliver the Service Packets to the USMS in Lexington, Kentucky and note the date of delivery in the docket.

6) The USMS shall make arrangements with the appropriate officials at Lee Adjustment Center to personally serve Sgt. Sizemore and C.O. Roberts with Service Packets at Lee Adjustment Center, 168 Lee Adjustment Center Drive, Beattyville, Kentucky 41311.

7) Vanwinkle must immediately advise the Clerk's Office of any change in his current mailing address.  **Failure to do so may result in dismissal of this case**.

8) If Vanwinkle wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office.  Every motion Vanwinkle files must include a written certification that he has mailed a copy of it to the defendants or their counsel and state the date of mailing.  **The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service**.

Dated: October 30, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY